UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGIO BETANCOURT,
Plaintiff,

v.

MERCEDES-BENZ USA, LLC,
Defendant.

Case No. 22-cv-05898-RS

**ORDER GRANTING MOTION TO AMEND JUDGMENT**

Plaintiff Betancourt moves to amend the judgment entered on August 17, 2026, based on Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. The motion was filed on September 12, 2026, so it was timely under Rule 59(e). For the following reasons, Plaintiff's motion is granted. Since this issue is suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), the hearing set for October 19, 2026, is vacated.

Mr. Betancourt brought this action against Mercedes-Benz USA, LLC, claiming the company was required to cover the cost of an engine repair under California regulations and seeking restitution, declaratory relief, and injunctive relief. His claim for restitution was dismissed for lack of equitable jurisdiction, and his claims for prospective relief were dismissed for lack of Article III standing. Dkt. 55. The order granting Defendant's motion to dismiss specified that "[b]ecause the basis of the dismissal is jurisdictional, it is without prejudice." *Id.* However, the final judgment entered thereafter stated that "judgment is hereby entered in favor of Defendant and against Plaintiff." Mr. Betancourt argues that this statement sounds like a ruling on the merits and

United States District Court
Northern District of California

may lead to improper arguments of issue preclusion or collateral estoppel in a future proper forum. He therefore seeks to correct the judgment under Rule 60(a) or clarify the judgment under Rule 59(e), to underscore that the court's judgment was made without prejudice.

Mercedes-Benz is correct that the Order was clear about its jurisdictional basis, and confusion is therefore unlikely. Nonetheless, Defendant points to no reason why an amended judgment clarifying the court's meaning would be inappropriate, aside from quibbling with Plaintiff's specifically proposed language. Mr. Betancourt's reply brief adequately addressed those complaints.

Plaintiff's motion is therefore GRANTED. The court will enter an amended judgment reading as follows: "Pursuant to the Order granting Defendant's motion to dismiss without prejudice, it is the judgment of the court that it lacks jurisdiction in this matter."

**IT IS SO ORDERED**.

Dated: October 14, 2026

RICHARD SEEBORG
United States District Judge